Filed 1/28/25  Hart v. Rushmore Loan Management Services CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| GUY HART,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC et al.,<br><br>　　　　Defendants and Respondents. | B333200<br><br>Los Angeles County<br>Super. Ct. No.  21SMCV01658 |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Mark H. Epstein, Judge.  Affirmed.

　　　　Shapero Law Firm and Sarah Shapero for Plaintiff and Appellant.

　　　　Houser and Neil J. Cooper for Defendants and Respondents.

Guy Hart appeals the trial court's order granting a motion for summary judgment by Rushmore Loan Management Services, Inc. (now known as Nationstar Mortgage, Inc.)and Athene Annuity and Life Insurance Company. We affirm.

I

Hart bought a Santa Monica condo in 1998 and has lived there since then. In 2004, Hart took out a $367,000 conventional loan secured against his condo. This loan was not backed by the government. Rushmore was Hart's loan servicer, and Athene was the loan's beneficiary and owner.

Until March 2020, Hart was current on his loan. Because of the COVID-19 pandemic, Hart applied for and received a three-month forbearance of loan payments from Rushmore. Under the forbearance, Hart's next loan payment would be due on June 1, 2020.

Hart failed to make his June 2020 payment. At the end of the month, Rushmore sent him a letter informing him of possible workout options that would allow him to avoid foreclosure. The letter advised Hart to contact Rushmore to discuss potential workout options and enclosed a borrower assistance application.

In mid-August of 2020, Rushmore sent another letter to Hart, explaining Rushmore's process for evaluating options to assist Hart. It informed Hart that Rushmore could not move forward with evaluating Hart for workout options because Hart failed to provide the required documentation, including a signed and dated hardship letter thoroughly explaining what caused his inability to maintain payments on the loan, bank statements, and proof of income.

Hart responded by calling Rushmore, claiming to be "officially on the one-year" government forbearance program. In

2

another call, Hart argued it was "bullshit" for Rushmore to require him to provide bank statements as part of his application for assistance. Hart also accused Rushmore of "illegal foreclosure" activity, disputed the validity of his loan, and threatened to sue.

Rushmore sent Hart multiple letters reiterating the instructions for applying for borrower assistance and requesting that Hart send in the loan modification application form and the required supporting documents. When it became apparent that sending these letters was a fruitless endeavor, Rushmore hired ZBS Law as foreclosure trustee to conduct a nonjudicial foreclosure of Hart's condo. ZBS became the trustee of the property in March 2021. At Rushmore's instruction, ZBS caused a Notice of Default and Election to Sell Under Deed of Trust to be recorded in the Recorder's Office in April 2021.

In July 2021, Rushmore retained ZBS as legal counsel to assist in its communications with Hart, who still refused to provide the documents Rushmore had repeatedly requested and had grown increasingly hostile. That same month, ZBS caused a Notice of Trustee's Sale to be recorded against Hart's property. The sale was initially scheduled for August 10, 2021.

In an August 12, 2021 letter, ZBS informed Hart that the sale would be postponed to September 14, 2021, but "[his] outright rejection of Rushmore's efforts to assist [him] with a foreclosure prevention alternative has led to the determination that Rushmore has fully satisfied any and all state and federal obligations to engage with [him] for loss mitigation purposes." Nevertheless, Rushmore was willing to provide Hart with a final opportunity to submit a borrower assistance application if he sent in a completed loan modification application by August 27, 2021.

3

If Hart did not meet this deadline, there were only two foreclosure alternatives that would allow Hart to keep his home: a full reinstatement of the loan delinquency or a full payoff of the total outstanding loan balance.

Hart responded by letter on August 23, 2021. He denied refusing or rejecting assistance by Rushmore and insisted he had provided all of the necessary documentation. Hart also asked that Rushmore and Athene "restrain themselves from any further misrepresentation of facts" and that they "call off/cancel the illegal foreclosure sale."

Hart did not submit a complete loan modification application by the deadline. In an August 27, 2021 letter, ZBS informed Hart that it had postponed the trustee's sale to October 19, 2021 and advised Hart to contact Rushmore to request a payoff or reinstatement quote.

In September 2021, Rushmore sent Hart a mortgage statement, the first page of which stated twice that the reinstatement amount due was $34,286.04 if he paid before October 1.

According to Hart, he "continued to try to work with [Rushmore and ZBS] for a modification or forbearance," but Rushmore and ZBS "continued to play [him] as a yoyo as Rushmore referred [him] to speak with ZBS while ZBS would guide [him] towards Rushmore." Per ZBS, however, Hart's "ongoing and well-documented refusal to work with Rushmore in good faith . . . [his] persistent threats of litigation, and the recent bombardment of calls to Rushmore and Athene" resulted in Rushmore flagging his loan as "litigated/contested." ZBS sent Hart a letter on September 30, directing him to cease and desist

4

further direct communications with Rushmore and Athene, and to direct all further communications to ZBS.

On October 1, Hart sent Rushmore and ZBS a document titled "Request for QWR and Re-Instatement." The letter stated, in relevant part: "While account is being reconciled and reviewed for loan modification we are requesting Re-instatement statement that is good for (3) days for review and consideration."

Hart submitted a complete loan modification application in October 2021. Rushmore acknowledged receipt of the application on October 12. On October 19, Rushmore notified Hart that he was not eligible for a loan modification because of his $0.00 monthly income. On October 20, ZBS provided Hart with a reinstatement quote of $42,066.00.

Hart did not pay the reinstatement amount, but rather, submitted a second request for a reinstatement quote "to ensure [he] had sufficient time to reinstate the loan" before the trustee's sale, which was postponed to December 7, 2021. ZBS responded on December 1, informing Hart that the reinstatement amount was now $44,803.41.

Hart did not pay the reinstatement amount. Instead, Hart filed the operative complaint in December 2021. Hart's complaint included the following causes of action: (1) interfering with his right of reinstatement, in violation of Civil Code § 2924c; (2) failure to comply with forbearance notice requirements, in violation of Civil Code § 3273 et seq.; (3) failure to respond to a borrower's qualified written request, in violation of 12 U.S.C. § 2605(e); (4) negligence; (5) using false, deceptive, or misleading means to collect a debt, in violation of 15 U.S.C. § 1692(e); and (6) unfair business practices, in violation of Business and Professions Code § 17200 et seq.

Rushmore, Athene, and ZBS moved for summary judgment on all of Hart's causes of action. The trial court granted their motion in its entirety and entered judgment in their favor. Hart then voluntarily dismissed ZBS as a defendant before filing his notice of appeal.

## II

We independently review the trial court's decision to grant summary judgment, considering all evidence set forth in the moving and opposing papers except that to which the court sustained objections. (*State Dept. of Health Services v. Super. Ct.* (2003) 31 Cal.4th 1026, 1034-35.) We liberally construe evidence in support of Hart, and resolve doubts concerning this evidence in his favor. (*Id*.) Nonetheless, it is Hart's burden to demonstrate affirmatively any error by the trial court with support from citations to the record. (*Claudio v. Regents of the Univ. of Cal.* (2005) 134 Cal.App.4th 224, 230 & 252.) Hart fails to meet this burden.

With respect to his first cause of action, Hart argues the trial court erred in granting summary judgment to Rushmore and Athene because the evidence demonstrates they "failed to timely provide a reinstatement calculation" as required by Civil Code § 2924c. However, the evidence shows that Rushmore did comply with the statute, as it provided or caused ZBS to provide reinstatement quotes to Hart within 21 days both times that he requested them, and in monthly mortgage statements from September to December 2021, giving him ample opportunity to reinstate. The evidence also shows Hart never took any of these opportunities.

On his second cause of action, Hart claims that Rushmore and Athene did not offer any evidence that they complied with

6

§ 3273.11, which requires mortgage servicers to comply with "applicable federal guidance" regarding borrower options after a COVID-19 related forbearance.  Again, Hart's claim is belied by the record, which shows that Rushmore and Athene complied by reviewing Hart for "a solution that is consistent with guidance to servicers . . . provided by Fannie Mae, Freddie Mac [or other government agencies]."  (See § 3273.11(c).)  Specifically, Rushmore provided Hart with a forbearance based on his COVID-19 hardship, did not charge interest on the forborne payments, and did not otherwise change the terms of his loan.  We agree with Rushmore that these actions are consistent with applicable federal guidance.  For instance, Fannie Mae advises services to "defer the past-due principal and interest (P&I) payments as a non-interest bearing balance, due and payable at the maturity of the mortgage loan . . ." and to leave all other terms of the loan unchanged.  (See <https://singlefamily.fanniemae.com/media/22341/display> [as of Jan. 27, 2025], archived at https://perma.cc/ECY6-WSZK.)

Hart forfeited any argument with respect to his third, fourth, and fifth causes of action because his opening brief did not comply with Rule 8.204(a)(1)(B) of the Rules of Court, as he failed to make any cogent argument or cite authority explaining how the trial court erred in granting summary adjudication on these claims.  (See *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 [appellate court only reviews issues appellant properly raises and supports].)

Hart's final cause of action for unfair business practices under Business and Professions Code § 17200 fails because the predicate causes of action failed.  (See *Medical Marijuana, Inc. v.*

7

*ProjectCBD.com* (2020) 46 Cal.App.5th 869, 895 [unfair competition claim stands or falls with its underlying claim].)

## DISPOSITION

We affirm the judgment and award costs to Rushmore and Athene.


                                        WILEY, J.


We concur:


        STRATTON, P. J.



        GRIMES, J.